**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | Criminal No. DKC 07-0172 |
| | § | |
| **MINH-VU HOANG,** | § | |
| **THANH HOANG,** | § | |
| **VAN THANH VU,** | § | |
| **HAI DUC NGO.** | § | |
| | § | |

**DEFENDANT MINH-VU HOANG'S**
**MOTION TO STRIKE LANGUAGE**
**IN THE SECOND SUPERSEDING INDICTMENT**

The Defendant Minh-Vu Hoang hereby files this Motion to Strike Language in the Second Superseding Indictment. For the reasons set forth below, certain language in the Second Superseding Indictment should be stricken.

**ARGUMENT**

Minh-Vu Hoang and three others have been charged in a 20-count Second Superseding Indictment with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, tax evasion in violation of 26 U.S.C. § 7201, conspiracy to conceal assets in a bankruptcy proceeding in violation of 18 U.S.C. § 371, concealment of assets and bankruptcy in violation of 18 U.S.C. § 152(1), making a false oath in a bankruptcy case in violation of 18 U.S.C. § 152(2), making false statements in a bankruptcy case in violation of 18 U.S.C. § 152(3), and money laundering in violation of 18 U.S.C. § 1957.

The Second Superseding Indictment contains misstatements of law and statements that are otherwise inappropriate for a charging document. These statements should be stricken from the Second Superseding Indictment.

**Misstatements of Law**

The descriptions of the tax evasion charges against Ms. Hoang state that she evaded taxes by, among other things, failing to file income tax returns for the tax year in question.  This misstates the law.  Tax evasion under 26 U.S.C. § 7201 requires three things.  First, it requires tax due when owing to the United State Government; second, it requires an affirmative act to evade income taxes; and third, it requires that the tax payer took the affirmative act in a willful attempt to evade the payment of income taxes.  It is well-settled that the failure to file income taxes is not sufficient to sustain a tax evasion charge.  See, e.g., United States v. McKee, 506 F. 3d 225, 234 (3d Cir. 2007); United States v. Nolen, 472 F.3d 362, 379 (5th Cir. 2006).  The Second Superseding Indictment contains a number of statements that Ms. Hoang evaded income taxes by failing to file her tax returns.  These statements should be stricken.  These statements are:

1.      On page 13 of the Second Superseding Indictment in the description of Count II, the Second Superseding Indictment states that Minh-Vu Hoang evaded income tax by, among other things, "failing to file with the IRS on or before April 16, 2001 as required by law Form 1040, U.S. Individual Income Tax Return, in her name for Tax Year 2000, to report her receipt of income and resulting in substantial incoming tax liability to the United States."

2.      On page 14 of the Second Superseding Indictment, in the description of Count III, the Second Superseding Indictment states that Minh-Vu Hoang evaded taxes by, among other things, "failing to file with the IRS on or before April 15, 2002, as required by law Form 1040, U.S. Individual Income Tax Return, in [her] name[] for Tax Year 2001, to report [her] receipt of income and resulting in substantial income tax liability to the United States."

3.      On page 15 of the Second Superseding Indictment, in the description of Count IV, the Second Superseding Indictment states that Minh-Vu Hoang evaded taxes by, among other things, "failing to file with the IRS on or before April 15, 2003, as required by law Form 1040, U.S. Individual Income Tax Return, in [her] name[] for Tax Year 2002, to report [her] receipt of income and resulting in substantial income tax liability to the United States."

4.      On page 16 of the Second Superseding Indictment, in the description of Count V, the Second Superseding Indictment states that Minh-Vu Hoang evaded taxes by, among other things, "failing to file with the IRS on or before April 15, 2004, as required by law Form 1040, U.S. Individual Income Tax Return, in [her] name[] for Tax Year 2003, to report [her] receipt of income and resulting in substantial income tax liability to the United States."

5.      On page 17 of the Second Superseding Indictment, in the description of Count VI, the Second Superseding Indictment states that Minh-Vu Hoang evaded taxes by, among other things, "failing to file with the IRS on or before April 15, 2005, as required by law Form 1040, U.S. Individual Income Tax Return, in [her] name[] for Tax Year 2004, to report [her] receipt of income and resulting in substantial income tax liability to the United States."

6.      On page 18 of the Second Superseding Indictment, in the description of Count VII, the Second Superseding Indictment states that Minh-Vu Hoang evaded taxes by, among other things, "failing to file with the IRS on or before April 17, 2006, as required by law Form 1040, U.S. Individual Income Tax Return, in [her] name[] for Tax Year 2005, to report [her] receipt of income and resulting in substantial income tax liability to the United States."

**Inappropriately Vague Statements**

The Second Superseding Indictment also contains inappropriately vague language.  In several places, in a description of the assets which were allegedly concealed in Ms. Hoang's

bankruptcy, the government asserts that properties or corporate entities were concealed, "including but not limited to" a specified list of properties or entities. Such language deprives Ms. Hoang of reasonable notice of the charges against her, and insufficiently defines the charged conduct such that it is unclear what conduct is being prosecuted for purposes of Double Jeopardy or a possible jury verdict. This language must, therefore, be stricken, and the government should specifically define what it alleges Ms. Hoang concealed. The language which should be stricken is:

      1.     On page 23, paragraph A1, the Second Superseding Indictment alleges that Ms. Hoang "failed to disclose her ownership interest in purchases of real property including but not limited to" five specific pieces of real property.

      2.     On page 23, paragraph A2, the Second Superseding Indictment alleges that Ms. Hoang failed to disclosure her ownership interest in certain partnerships or corporate entities "including but not limited to" six specified partnerships or corporate entities.

      3.     On page 32, in paragraph 2(a) of the discussion of Count IX, alleges that Ms. Hoang failed to disclose her ownership interests in a number of properties, "including, but not limited to," others.

      4.     On page 33, paragraph 2(b) describing Count IX of the Second Superseding Indictment alleges that Ms. Hoang failed to disclose her ownership interests in certain partnerships and corporate entities, "including, but not limited to," others.

      5.     On page 34, paragraph 2(a) of the discussion of Count X, the Second Superseding Indictment alleges that Ms. Hoang failed to disclose her owernship interests in certain properties, "including, but not limited to," others.

6.      On page 34, in paragraph 2(b) of the discussion of Count X, the Second Superseding Indictment alleges that Ms. Hoang failed to disclose her ownership interests in certain partnerships and corporate entities, "including, but not limited to" others.

7.      On page 35, in paragraph 2(c) of the discussion of Count X, the Second Superseding Indictment alleges that Ms. Hoang failed to disclose her ownership interests in certain partnerships or corporations, "including but not limited to" others.

## CONCLUSION

For the reasons stated above, the language described above in the Second Superseding Indictment must be stricken.


April 3, 2009                                                    Respectfully submitted,


                                                                /s/ Matthew G. Kaiser
                                                                By: Matthew G. Kaiser


                                                                Paula Junghans
                                                                Matthew G. Kaiser
                                                                ZUCKERMAN SPAEDER LLP
                                                                1800 M Street N.W.
                                                                Suite 1000
                                                                Washington, DC 20036
                                                                (202) 778-1800
                                                                Fax: (202) 822-8106
                                                                E-mail: pjunghans@zuckerman.com
                                                                *Attorneys for Minh-Vu Hoang*

## CERTIFICATE OF SERVICE

I certify that on April 3, 2009, I filed the foregoing motion with the Court's CM/ECF

system, which caused an electronic copy to be sent to each attorney registered with that system.


/s/ Matthew G. Kaiser_____
Matthew G. Kaiser